**FORRESTER & WORTH, PLLC**
3636 NORTH CENTRAL AVENUE, SUITE 700
PHOENIX, ARIZONA 85012
602.258.2729—MAIN
602.271.4300—FAX
S. CARY FORRESTER (006342)
JOHN R. WORTH (012950)
SCF@FORRESTERANDWORTH.COM
JRW@FORRESTERANDWORTH.COM

COUNSEL FOR THE DEBTOR

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 11 |
| **GV HOSPITAL MANAGEMENT, LLC**, | Case No. 4:17-bk-03351 |
| Debtor. | **EMERGENCY *EX PARTE* MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES** |
| | AND |
| | **MOTION TO TRANSFER ASSIGNMENT OF CASES** |

Pursuant to Bankruptcy Rule 1015(b) and Local Bankruptcy Rule 1015-1, Debtors GV Hospital Management, LLC ("**Management**"), Green Valley Hospital, LLC ("**GVH**"), and GV II Holdings LLC ("**GVII**"), hereby move the Court for the entry of an order directing the joint administration of their cases and transferring the assignment to one judge. This motion is being filed in the lowest numbered of the three cases. The other two cases are identified as follows:

Green Valley Hospital, LLC:     Case No. No. 2:17-bk-03353

GV II Holdings LLC:             Case No. No. 2:17-bk-03354

Joint administration is sought because Debtors are affiliated entities. GVH owns 100% of the equity interests in both Management and GVII. Management, in

turn, operates the Green Valley Hospital (the "**Hospital**") and GVII owns a 9.5 acre of vacant land immediately adjacent to the Hospital. GVH, in addition to owning the other two entities, also owns a significant portion of the equipment used by Management in the operation of the Hospital. In addition, the Debtors presently intend to propose a joint plan of reorganization. Accordingly, joint administration will streamline the administration of the cases and serve the interests of judicial economy.

This Motion is supported by the following Memorandum of Points and Authorities, the Omnibus Declaration of John Matuska in Support of First Day Motions (the "**Omnibus Declaration**"), and the entire record before the Court. A proposed form of order is attached hereto as Exhibit "A".

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. JURISDICTION & VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are Bankruptcy Code §§ 105(a), Bankruptcy Rule 1015, and Local Bankruptcy Rule 1015-1.

### II. BACKGROUND

On April 3, 2017 ("**Petition Date**"), Debtors filed their voluntary petitions for relief under Chapter 11, Title 11 of the United States Code ("**Bankruptcy Code**"). Pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code, Debtors are managing their assets and properties as debtors-in-possession.

A.  **History of the Debtor's**

Debtors are Arizona limited liability companies with their principal operations in Green Valley, Arizona. They share a common address. Management owns and operates the Hospital, a licensed and general acute care facility open 24 hours a day, seven days a week. The Hospital includes a surgical suite with four operating rooms and two procedure rooms, a cardiac catheterization laboratory, a full service laboratory and blood bank, emergency care & pediatric emergency care, a full restaurant, and a chapel.

B.  **The Debtors' Corporate Structure**

GVH is the parent of six wholly-owned subsidiaries, including the two other Debtors, Management and GVII. The other four subsidiaries are GVH MOB I, LLC ("**MOB1**"), GVH MOB II, LLC ("**MOB2**"), GVH MOB III, LLC ("**MOB3**"), and GV Campus Management, LLC ("**GVCM**"). The three MOB entities own medical office buildings adjacent to the Hospital.

B.  **Debtor's Creditors**

Debtors share a number of common creditors, as detailed below:

a.  **Artemis Realty Capital Advisors, LLC ("Artemis").** Artemis is owed approximately $7.9 million as of the Petition Date. It holds a first-priority lien on the Hospital's land and building which are owned by Management, and on the equity ownership interests in Management, GVH, MOB1, MOB2, and MOB3, and second-priority liens on Debtor and GVH's equipment and accounts receivable.

b.  **Green Valley Medical Investments, LLLP ("GVMI").** GVMI was GVH's original senior secured lender, having funded the construction of the Hospital through a $55 million loan to GVH. GVMI is also owed approximately $7.5 million by GVH for accrued interest, fees and costs. GVMI agreed to subordinate its debt to

3

Artemis' loan in September 2016. As such, GVMI holds a second-priority lien on: (i) the Hospital's land and building; (ii) the equity interests in Management, MOB1, MOB2, and MOB3; (iii) the land and buildings owned by MOB1, MOB2, and MOB3; (iv) GV2's land. It also holds a third-priority lien on Management and GVH's equipment and accounts receivable.

c. **SCM Special Finance Opportunities ("SCM").** SCM provided an accounts receivable loan to Management in the amount of $2.4 million. SCM holds a first-priority lien on Management's accounts receivable.

d. **SQN Asset Finance (Guernsey) Limited ("SQN").** SQN loaned GVH approximately $13 million for the purchase of equipment. SQN holds a first-priority lien on Management and GVH's equipment, and on GV2's land.

There are also a number of smaller secured creditors and lessors, and Management has unsecured debts totaling approximately $9.9 million, attributable to two unsecured notes and trade and vendor payables.

### III. REQUESTED RELIEF AND LEGAL ARGUMENT.

Debtors requests the entry of an order providing for the joint administration of their cases. In particular, they request that the Court provide for joint administration by: (i) establishing a joint pleadings docket; (ii) approving the filing of joint pleadings captioned in the form attached to Exhibit "A"; and (iii) approving combined notices to creditors.

Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, "the court may order a joint administration of the estates." Debtors are affiliates as defined in Section 101(2)(A) of the Bankruptcy Code. The joint administration of their cases

will benefit their estates by obviating the necessity of filing duplicate motions and applications, entering duplicate orders, and preparing and providing duplicate notices to creditors and parties-in-interest, thus avoiding unnecessary time and expense to the Debtors, their creditors, and the Court. In addition, it will facilitate not only the administration of the cases but also their ultimate resolution, as Debtors currently anticipate filing a joint plan of reorganization.

The rights of Debtors' respective creditors will not be adversely affected because the relief sought herein is purely procedural and is not intended to affect substantive rights. This Motion does not seek substantive consolidation of the cases. Thus, creditors will benefit from the reduction in cost resulting from joint administration, the United States Trustee's oversight duties will be simplified, and creditors' substantive rights will not be affected. Although conflict between the estates is not anticipated, the Court can avoid any perceived prejudice to creditors (if and when they bring it to the Court's attention) by limiting joint administration to the extent necessary to protect their rights, pursuant to Bankruptcy Rule 1015(c).

## IV. NOTICE

Because this motion is being filed as a first day motion, no committees have been appointed and no other parties have yet appeared in any of the cases. Nonetheless, Debtors will provide, or attempt to provide, notice to the following parties: The Office of the United States Trustee; the holders of the twenty (20) largest unsecured claims against Debtors (on a consolidated basis), and the largest secured creditors. Debtors submits that, in view of the facts and circumstances of these cases, such notice is sufficient and no other or further notice need be provided.

## V. CONCLUSION

WHEREFORE, Debtors respectfully request that this Court enter an order, substantially in the form attached hereto as Exhibit "A", directing that these cases be jointly administered and granting such other relief as is just and proper under the circumstances..

Dated April 3, 2017.

**FORRESTER & WORTH, PLLC**

/s/ SCF (006342)
S. Cary Forrester
John R. Worth
Counsel for the Debtor

Copy of the foregoing emailed or
mailed on April 3, 2017, to the
following:

Dean Dinner
Nussbaum Gillis Dinner
14850 N. Scottsdale Rd. #450
Scottsdale AZ 85254
ddinner@ngdlaw.com

Genevieve G. Weiner
Samuel A. Newman
Gibson Dunn
333 S Grand Ave.
Los Angeles CA 90071-3197
GWeiner@gibsondunn.com
SNewman@gibsondunn.com

Larry Watson
Office of the U.S. Trustee
230 N. Central Ave. #204
Phoenix, AZ 85003
larry.watson@usdoj.gov

Robert A. Shull
Dickinson Wright PLLC
1850 N. Central Ave. # 1400
Phoenix AZ 85004
RShull@dickinsonwright.com

Steven Berger
Engelman Berger P.C.
3636 N Central Ave. #700
Phoenix AZ 85012
snb@eblawyers.com

Steven D. Jerome
Snell & Wilmer
One Arizona Center
400 E Van Buren
Phoenix AZ 85004-2202
sjerome@swlaw.com

Susan Freeman
Lewis Roca Rothgerber Christie LLP
201 E. Washington Street, Suite 1200
Phoenix, AZ 85004
sfreeman@lrrc.com




/s/ Matthew Burns
Matthew Burns

EXHIBIT "A"

**FORRESTER & WORTH, PLLC**
3636 NORTH CENTRAL AVENUE, SUITE 700
PHOENIX, ARIZONA 85012
602.258.2729—MAIN
602.271.4300—FAX
S. CARY FORRESTER (006342)
JOHN R. WORTH (012950)
SCF@FORRESTERANDWORTH.COM
JRW@FORRESTERANDWORTH.COM

COUNSEL FOR THE DEBTOR

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**

| In re: | Chapter 11 |
|---|---|
| **GV HOSPITAL MANAGEMENT, LLC,** | Case No. 4:17-bk-03351 |
| Debtor. | **ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES AND TRANSFER OF ASSIGNMENT OF CASES** |

This matter having come before the Court on _____, 2017, at the hour of _____.m., on Debtors' Emergency *Ex Parte* Motion for Order Directing Joint Administration of Chapter 11 Cases and Motion to Transfer Assignment of Case (the "**Motion**"). Based upon the Motion, the arguments of counsel, the Omnibus Declaration of John Matuska in Support of First Day Motions, and the entire record in this case, the Court finds as follows:

(i) It has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157(b) and 1334;

(ii) Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

(iii) This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A);

(iv) The relief requested in the Motion is in the best interests of Debtors, their estates, their creditors, and other parties-in-interest;

(v) Adequate and proper notice of the Motion has been given and no further notice is necessary under the circumstances of this case; and,

(vi) Good and sufficient cause exists for granting the relief requested in the Motion.

**ACCORDINGLY, IT IS HEREBY ORDERED** as follows:

(1) The Motion is granted in its entirety. The Chapter 11 Cases shall be jointly administered in accordance with Bankruptcy Rule 1015(b) under Case No. 4:17-bk-03351. Neither the Motion nor this Order shall be construed as affecting a substantive consolidation of Debtors' Chapter 11 Cases.

(2) The Bankruptcy Cases of Green Valley Hospital, LLC, Case No. 4:17-bk-03353 and GV II Holdings, 4:17-bk-03354, shall be transferred and reassigned to be heard before the Honorable Scott H. Gan so that all of the Chapter 11 Cases are heard before a single judge.

(3) The Clerk of the Bankruptcy Court is directed to make an appropriate docket entry in Cases Nos. 4:17-bk-03353 and 4:17-bk-03354, substantially as follows: "An order has been entered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing joint administration of the following related Chapter 11 Cases: (i) GV HOSPITAL MANAGEMENT, LLC, Case No. 4:17-bk-03351, GREEN VALLEY HOSPITAL, LLC, Case No. 4:17-bk-03353, and GV II HOLDINGS, LLC, Case No. 4:17-bk-03354. The docket in Case No. 4:17-bk-03351 should be consulted for all matters affecting these cases, except for claims. All further pleadings, motions, and other papers, except for proofs of claim and proofs of interest, shall be filed in, and all further docket entries shall be made in, Case No. 4:17-bk-03351. ALL PROOFS OF CLAIM SHALL BE FILED IN THE CASE OF EACH DEBTOR AGAINST WHOM THE CREDITOR

ASSERTS A CLAIM AND INDICATE THE APPROPRIATE CASE NUMBER FOR THAT DEBTOR.

(4) This Order shall be effective and enforceable immediately upon its entry. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**--SIGNED AND DATED ABOVE--**

EXHIBIT 1

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| In re: **GV HOSPITAL MANAGEMENT, LLC**, <br><br> Debtor. | Chapter 11 <br><br> Jointly Administered <br><br> Case Nos.: 4:17-bk-03351 <br> 4:17-bk-03353; and <br> 4:17-bk-03354 |
| In re: **GREEN VALLEY HOSPITAL, LLC**, <br><br> Debtor. | |
| In re: **GV II HOLDINGS, LLC,** <br><br> Debtor. | |
| THIS FILING APPLIES TO: <br> ☐ ALL DEBTORS <br> ☐ GREEN VALLEY HOSPITAL, LLC <br> ☐ GV HOSPITAL MANAGEMENT, LLC <br> ☐ GV II HOLDINGS, LLC | |